UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEWIS,

    Petitioner,

vs.

H. A. RIOS, JR.,

    Respondent.
_____/

Civil Action No.
07-CV-11605

HON. BERNARD A. FRIEDMAN

## OPINION & ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. § 2254. Petitioner is a federal prisoner confined at Big Sandy U.S. Penitentiary, in Inez, Kentucky and is challenging his state court conviction. Petitioner pled guilty to assault with intent to rob while armed and to felony firearm. He was sentenced to seven to fifteen years' imprisonment and a mandatory two year term, respectively. Petitioner is currently serving concurrent federal and state court sentences. Respondent filed a summary judgment motion asserting that Petitioner's claims should be dismissed because his habeas petition was filed beyond the statutory limitations period. Petitioner filed a response in which he argues that equitable tolling should apply due to his *pro se* status and his unfamiliarity with the law. For the reasons set forth below, the Court will grant Respondent's Motion for Summary Judgment and dismiss Petitioner's habeas petition as time-barred.

### I. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir. 2000) (quoting FED R. CIV. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact finder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp.2d 767, 770 (E.D. Mich. 2003).

## II. DISCUSSION

### A. Statutory Period of Limitations

By statute, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year limitation period

> shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. *See Holloway v. Jones,* 166 F. Supp.2d 1185, 1187 (E.D. Mich. 2001).

### B. Timing of Petitioner's Filings

In this case, Petitioner does not dispute the filing chronology relative to his pleadings, nor does he dispute when pertinent trial and appellate orders were issued. The pertinent dates are as follows:

- 6/27/02: Petitioner was convicted.

- 8/5/03: Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals and relief was denied. *See People v. Lewis,* No: 249447 (Mich. Ct. App. Aug. 5, 2003).

- 10/17/03: Petitioner attempted to file a delayed application for leave to appeal with the Michigan Supreme Court, but it was rejected as untimely.

- 10/11/04: Petitioner filed a motion for relief from judgment with the trial court.

- 2/17/05: Petitioner's motion for relief from judgment was denied.

- 4/21/06: Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals and relief was denied. *See People v. Lewis,* No: 269226 (Mich. Ct. App. April 21, 2006).

- 10/31/06: Petitioner filed an application for leave to appeal with the Michigan Supreme Court and relief was denied. *People v. Lewis,* 477 Mich. 912; 722 N.W.2d 705 (2006).

- 4/9/07: Petitioner filed the present habeas petition in this Court. The actual petition itself is not dated.

Under 28 U.S.C. § 2244(d)(1)(A), the one year limitations period in which to file a habeas petition runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, the final judgment date is the date on which the time expired for Petitioner to seek direct review from the Michigan Court

of Appeals' August 5, 2003, decision.[1]  Under MCR 7.302(C)(4), an appellant has 56 days in which to file a delayed application for leave to appeal with the Michigan Supreme Court.  Consequently, Petitioner's final judgment date upon which the habeas statute of limitations began to run was September 30, 2003 (i.e., 56 days after August 5, 2003).  The limitations period, therefore, expired on September 30, 2004.  Petitioner filed his habeas petition on April 9, 2007, over two years too late.  Accordingly, Petitioner's habeas petition must be dismissed as time-barred.[2]

### C. Equitable Tolling

The habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling.  *See Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir. 2001).  Nevertheless, "equitable tolling [should] be applied sparingly . . ."  *Id.* at 1008.  The Sixth Circuit has

> identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*  Case law further provides that some extraordinary circumstance which stands in the way of a petitioner's failure to comply with the time requirements must be shown in order to support

---

[1] The Court notes that Petitioner failed to file a timely application for leave to appeal with the Michigan Supreme Court.

[2] Moreover, Petitioner filed his motion for relief from judgment with the trial court on October 11, 2004, eleven days *after* the expiration of the habeas limitations period.  Therefore, the filing of that motion had no effect on the running of the statute of limitations.  *See Smith v. Stegall*, 141 F. Supp.2d 779, 782 (stating, in the context of a habeas case, that a "motion for relief from judgment filed after the one year limitations period has expired does not extend the AEDPA's one year limitations period because it would be filed after the AEDPA's limitations period had expired).

4

equitable tolling. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Andrews v. Orr,* 851 F.2d 146, 152 (6th Cir. 1988). Moreover, "[t]he petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).

Petitioner claims that the limitations period should be equitably tolled because his *pro se* status places him in a unique situation where he is confronted with more obstacles while attempting to comply with the habeas procedural requirements. Petitioner also asserts that his unfamiliarity with the law has further placed him at a disadvantage while seeking habeas relief in this matter. It is well established that a petitioner's *pro se* status and lack of knowledge of the law do not provide any basis for equitable tolling of the limitations period. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Lattimore v. DuBoise,* 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson,* 204 F.3d 168,171 (5th Cir. 2000); *Rodriguez v. Elo,* 195 F. Supp.2d 934, 936 (E.D. Mich. 2002). Moreover, for the reasons set forth in the time line above, Petitioner has not demonstrated diligence in pursuing his rights in this case. Therefore, Petitioner's basis for equitably tolling this matter is without merit.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Respondent's Motion for Summary Judgment [docket entry

9] is granted.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus [docket entry 1] is denied and dismissed with prejudice.

_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: __August 7, 2008__
 Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Chief Judge Friedman